UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| William Paul Burch, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00645 |
| | § | |
| JP Morgan Chase Bank, N.A., | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A. (Chase), incorrectly sued as "JP Morgan Chase Bank, N.A.," files its notice of removal of this action from County Court at Law Number Three of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This notice of removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Chase respectfully shows as follows:

1. On February 14, 2019, plaintiff William Paul Burch (Burch or Plaintiff) filed Plaintiff's Original Petition for Quiet Title (the Complaint) captioned *William Paul Burch v. JP Morgan Chase Bank, N.A.*, which was assigned cause number CC-19-00988-C, in County Court at Law Number Three of Dallas County, Texas, where it is now pending.

2. Chase was served with citation on February 19, 2019. Removal is timely because thirty days have not elapsed since Chase was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to remove begins on the date the summons or citation is served even

if the complaint is received at a prior date). In fact, thirty days have not elapsed since Burch filed the Complaint.

3. A copy of this notice of removal will be filed with County Court at Law Number Three of Dallas County, Texas and served on Burch.

4. In accordance with Local Rule 81.1, attached collectively as Exhibit A are all materials filed in the state court.

5. Chase also filed contemporaneously with this notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Federal Rule of Civil Procedure 7.1.

## GROUND FOR REMOVAL: DIVERSITY

6. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000.

(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.

7. Burch asserts against Chase trespass to try title[1] and quiet title[2] claims seeking a determination of title to the real property located at 2531 Gerry Way, Lancaster, Texas 75134 (the Property) and judgment removing a certain deed of trust lien as an encumbrance against the Property. Because a trespass to try title claim seeks a determination of title to real property, the

[1] Ex. A-2 ¶ 16 ("Moreover, while the statute of limitations for a voidable lien is four-years, 'the rule is well established in Texas that where a deed is absolutely void, a suit in law in trespass to try title may be maintained to recover the land.' . . . . In this case, taking Plaintiff's allegations as true, as the Court must, the lien in question was void from its inception. Accordingly. this suit is not barred by limitations.").

[2] Ex. A-2 ¶ 19 ("Lien released on property immediately in favor of plaintiff immediately.").

amount in controversy includes the property's value. *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977).

8. According to the Dallas Central Appraisal District, the property's assessed value for tax purposes is $105,290.[3]

9. Burch also seeks unspecified damages, punitive damages, attorney's fees, and court costs.[4] Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b) Complete diversity exists between Burch and Chase.

10. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment to which he has the intention of returning whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Burch alleges he "is an individual residing in Grand Prairie, at 5947 Waterford Dr, Grand Prairie, Texas 75052."[5] Thus, Burch is a citizen of Texas.

11. Under the diversity statute, a national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). Chase is a national

---

[3] *See* Ex. B. Chase requests that the Court take judicial notice of the Property's appraised value. "District courts have routinely relied on [appraisal district's valuation] to establish the amount in controversy." *Dunn v. Midland Mortg.*, Civ. A. H-13-3516, 2014 WL 683854, at *2 (S.D. Tex. Feb. 20, 2014) (citing *Hearn v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 6079460, at *4 (N.D. Tex. Nov. 18, 2013) (collecting cases holding appraisal valuations as competent evidence to establish the amount in controversy)); *Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 1414978, at *3 n.4 (S.D. Tex. Apr. 23, 2012) (noting that a court may take judicial notice of the appraised fair-market value of property under Rule 201 because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned and also noting that a "printout from the Harris Central Appraisal District's website is a public record under Rule 803(8)").

[4] *See* Ex. A-2 ¶ 20.

[5] *See* Ex. A-2 ¶ 2.

association. When Burch filed this suit and at all times since, Chase's main office, as designated by its articles of association, has been in Columbus, Ohio. Thus, Chase is a citizen of Ohio.

12. Accordingly, because the amount in controversy exceeds $75,000, Burch is a citizen of Texas, and Chase is a citizen of Ohio, this Court has original jurisdiction over the present action under 28 U.S.C. § 1332. Removal is therefore proper.

Wherefore, Chase prays that the above-described action now pending in County Court at Law Number Three of Dallas County, Texas be removed to this Court.

Respectfully submitted,

*/s/ Wm. Lance Lewis*

WM. LANCE LEWIS
Texas Bar No. 12314560
R. KENDALL YOW
Texas Bar No. 24066806
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
214-880-1833 Telephone
214-871-2111 Facsimile
llewis@qslwm.com
kyow@qslwm.com

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all parties in accordance with the Federal Rules of Civil Procedure on March 15, 2019.

William P. Burch
P.O. Box 201236
Arlington, Texas 76006

*/s/ R. Kendall Yow*
R. Kendall Yow