# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| William Paul Burch, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00645 |
| | § | |
| JP Morgan Chase Bank, N.A., | § | |
| | § | |
| Defendant. | § | |

---

INDEX OF STATE COURT MATERIALS ATTACHED TO NOTICE OF REMOVAL

---

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | n/a | State Court Civil Docket Sheet |
| A-2 | 02/14/2019 | Plaintiff's Original Petition for Quiet Title |
| A-3 | 02/14/2019 | Statement of Inability to Afford Payment of Court Costs or an Appeal Bond |
| A-4 | 02/15/2019 | Citation |
| A-4 | 02/27/2019 | Constable's Return |

# EXHIBIT A-1

## Case Information

CC-19-00988-C | WILLIAM PAUL BURCH vs. JP MORGAN CHASE BANK N.A.

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-19-00988-C | County Court at Law No. 3 | MONTGOMERY, SALLY |
| **File Date** | **Case Type** | **Case Status** |
| 02/14/2019 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF
BURCH, WILLIAM PAUL

Active Attorneys
Pro Se

DEFENDANT
JP MORGAN CHASE BANK N.A.

Address
SERVE ITS REGISTERED AGENT:CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

## Events and Hearings

02/14/2019 NEW CASE FILED (OCA)

02/14/2019 ORIGINAL PETITION

ORIGINAL PETITION

02/14/2019 AFFIDAVIT INABILITY TO PAY

AFFIDAVIT INABILITY TO PAY

02/14/2019 ISSUE CITATION

ISSUE CITATION

02/15/2019 CITATION (SERVICE)

Anticipated Server
CONSTABLE 1

Anticipated Method
Actual Server
CONSTABLE 1

Returned
02/27/2019

02/27/2019 RETURN OF SERVICE

RETURN OF SERVICE

Comment
WRIT OF GARNISHMENT AFTER JUDGMENT SERVED ON 2/19/2019 @3:40PM

## Financial

BURCH, WILLIAM PAUL

| | |
|---|---|
| Total Financial Assessment | $361.00 |
| Total Payments and Credits | $361.00 |

| | | |
|---|---|---|
| 2/14/2019 | Transaction Assessment | $277.00 |
| 2/15/2019 | Transaction Assessment | $84.00 |
| 2/15/2019 | INABILITY TO PAY | ($361.00) |

## Documents

ORIGINAL PETITION

AFFIDAVIT INABILITY TO PAY

ISSUE CITATION

RETURN OF SERVICE

# EXHIBIT A-2

# IN THE COUNTY COURT _________ OF DALLAS COUNTY. TEXAS ~~JUDICIAL DIVISION~~ COUNTY CIVIL

| | | |
|---|---|---|
| WILLIAM PAUL BURCH, Plaintiff, | § § | CASE NO. CC-19-00988-C |
| vs | § § § | |
| JP MORGAN CHASE BANK, N.A. | § § | |
| Defendants | § | |

FILED JOHN F. WARREN COUNTY CLERK DALLAS COUNTY, TEXAS 2019 FEB 14 PM 2:21

## PLANTIFF'S ORIGINAL PETITION FOR QUIET TITLE

TO THE HONORABLE _____________ COURT JUDGE:

COMES NOW, WILLIAM PAUL BURCH, Plaintiff, and files his Original Petition and Request for Jury Trial, complaining of Defendants Litton Loan Servicing, LLC and would respectively shows the Court the following:

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO TWENTY-ONE DAYS AFTER RECEIPT OF SUMMONS. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

## I. PARTIES

1. Defendant JP Morgan Chase Bank, N.A. is a corporation with its principle address is 1525 S. Belt Line Rs, Coppell, TX 75019, Its registered agent is C T Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201

2 Plaintiff William Paul Burch is an individual residing in Grand Prairie, at 5947 Waterford Dr, Grand Prairie, Texas 75052.

## II. JURISDICTION AND VENUE

3. The amount in controversy, exclusive of interest and costs, does not exceed the maximum jurisdictional limits of this court. William Burch is a resident of Tarrant County, Texas



CC-19-00988-C
ORPET
ORIGINAL PETITION
2032611

and the cause of action accrued in Tarrant County, Texas. Venue is therefore proper pursuant to the Texas Civil Practice & Remedies Code. Sec. 12.004.

## III. HISTORY

4. In 2008 Plaintiff was informed that, as a result of a downturn in the market, the value of his property was less than the balance on his Mortgage Note. The Mortgage Company wanted the property back or they wanted the Plaintiff to pay the difference. Another option was for the Plaintiff to file for Chapter 11 bankruptcy so that he could modify the loan (loan modification was not allowed under the law at the time for income properties outside of bankruptcy).

5. The Plaintiff elected to file for Chapter 11 Bankruptcy. The Mortgage Company participated in the Plan by having their attorneys help write the Plan. The confirmed plan voided the old note and called for a new Note to be produced within six months of the confirmation of the plan (December 2009). All liens pass through in tack to confirmation unless there are provisions in the confirmed plan that changes the Mortgage (1)

6. The Mortgage Note holder then took the voided note and collected the full-face value from the Private Mortgage Insurance company (PMI) which is allegedly American International Group, Company (AIG). PMI, also known as private mortgage insurance, is a type of mortgage insurance from private insurance companies used with conventional loans. Like other kinds of mortgage insurance policies, PMI protects the lender if the debtor stops making payments on your home loan. PMI can be arranged by the lender and provided by private insurance companies.

7. This was done because if the Mortgage Company followed the plan then they would have to reduce the value of their holding and take a risk on a potential bad loan. By going to the PMI, they would receive full face value and would have the opportunity to buy the loan back from the PMI at generally ten percent of the face value.

8. So that they could continue to collect on the loan or sell it for ten times what they had paid for it. With most loans that have issues, the Mortgage Note is still valid when the Mortgage Company goes to the PMI. Therefore, when the Mortgage Company buys the loan back, or another company buys the loan, then they are buying a valid note. Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. (2)

9. However, with this note both the terms and the face value were changed. Therefore, when attempting to collect on the debt, the collections department assumed that the Plaintiff

---

(1) Dewsnup v. Timm, 502 U.S. 410, 417 (1992)

(2) 11 USC § 1141

was not paying according to the terms of the note. Further, since there was no longer any requirement for escrow, the escrow department went to the collections department and demanded payment of escrow. In a Chapter 11 bankruptcy, the confirmed plan provisions bind both the debtor and the mortgage holder. (3) Because they were attempting to collect on an invalid lien, payment amounts from the Plaintiff were either misapplied or returned. In either case it led to foreclosure or attempted foreclosure.

10. Once the six months had passed, the Mortgage Company could no longer collect on the debt because there was no Mortgage Note. A claim, proof of which is filed under section 501, is deemed allowed except to the extent that proof of such claim is not timely filed as was the case of the new replacement Mortgage Note which was never filed. (4) The Plaintiff, who had been telling the Mortgage Company every month about the conditions of the Plan, sent the Mortgage Servicer a letter notifying them that they no longer had a valid note and should remove the lien from the public records.

11. The Second Circuit held that a confirmed Chapter 11 plan can extinguish a lien if "(1) the text of the plan does not preserve the lien; (2) the plan is confirmed; (3) the property subject to the lien is 'dealt with' by the terms of the plan; and (4) the lienholder participated in the bankruptcy proceedings." All four are dealt with. (5)

12. The Mortgage Servicing Company continued to try to collect on a note that they knew was no longer valid. They frequently applied pressure of various types, that created enough stress that the Plaintiff had a heart attack. Plaintiff attempted to work out a deal with the Mortgage Company and even agreed to a second bankruptcy. But the Mortgage Company would not cooperate and even put road blocks in front of the Plaintiff to prevent his selling the property.

13. Further, the Mortgage Company that bought the note from the PMI Company then sold it for full value to another mortgage company, without the new mortgage company having the ability to buy PMI, thus giving themselves a nine hundred percent profit.

## IV. WORDING REMOVING LIEN FROM PLAN

14. In Cause number 08-45761-RFN, confirmed on December 09, 2009. It was ruled:

A. Class 10 Claimant (Allowed Secured Claims of Litton Loan Servicing) is impaired and shall be satisfied as follows: Litton Loan Servicing (Litton) is the mortgage holder on the property located at 2531 Gerry Way, Lancaster, Texas (the" Litton property"). Based upon the Debtors' current value of the Gerry Way

(3) 11 USC § 1141 (a)
(4) 11 USC § 502 (b) (9)
(5) In re Northern New England Telephone Operations LLC, 795 F.3d 343, 345 (2d Cir. 2015).

property, the Debtor will enter into a New Gerry Way Note in the original amount of $33,000 ("New Gerry Way Note"). The Gerry Way Note shall bear interest at the rate of 5.1% per annum. The Debtor shall pay the new Gerry Way Note in 360 equal monthly payments of $195.86 commencing on the Effective Date. Class 10 is impaired under this Plan. (6)

Payments were made but returned. The lender had six months to produce a new note:

B. 12.3 All property of the Reorganized Debtors is free and clear of all Claims and interests of Creditors and Equity Interest Holders, except as to claims, secured claims or secured debentures and interests specifically granted in this Plan (THIS RESTATES THE REMOVAL OF THE EXISTING MORTGAGE NOTE FROM ALL THE PROPERTIES) (7)

C. 13.4 Any distribution pursuant to this Plan which remains unclaimed for a period of six (6) months from the due date of such distribution is forfeited.(THIS MEANS THAT IF THE NEW MORGTAGE NOTE IS NOT WRITTEN WITHIN SIX MONTHS AND NO PAYMENT ACCEPTED THEN THERE WILL BE NO MORTGAGE NOTE ON THE PROPERTY) (8)

D. 14.1 To direct any necessary party to execute or deliver or to join in the execution in the execution or delivery of any instrument required to effect a Transfer of property dealt with by the Plan and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of this plan. (9)

E. (THE OLD NOTE'S ARE INVALIDE, IF THERE IS NO REPLACEMENT NOTE THEN THE PROPERTY GOES TO THE DEBTOR. THESE CHANGES AND AGREEMENTS WERE MADE BY THE MORTGAGE COMPANIES AND ACCEPTED BY ALL CREDITORS. THESE WERE NOT IMPOSED ON THE PROPERTY BY THE COURT WITHOUT THE CONSENT OF THE MORTGAGE COMPANIES)

15. "The provisions of a confirmed plan bind the debtor and each creditor. (10)" Thus, "a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation."(11) Pursuant to the doctrine of res judicata: when a final judgment has been entered on the merits of a case, "it is a finality as to the

---

(6) Cause number 08-45761-RFN Page 14
(7) Cause number 08-45761-RFN Page 18
(8) Cause number 08-45761-RFN Page 18
(9) Cause number 08-45761-RFN Page 18
(10) 11 U.S.C. § 1327(a).
(11) In re Szostek, 886 F.2d 1405, 1408 (3d Cir. 1989); See In re Layo, 460 F.3d 289, 294 (2d Cir. 2006) (concluding that a chapter 13 confirmation order constitutes a final judgment on the merits); Carvalho v. Fed. Nat'l Mortgage Assoc. (In re Carvahlo), 335 F.3d 45, 49 (1st Cir. 2003)

claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." (12)

## V. STATUTE OF LIMITATION

16. Chief District Federal Judge Lynn o the Northern District of Texas ruled in Case 3:11-cv-02592-M -BK Document 7 Filed 02/07/12 that " By its very language, Texas's four-year residual limitations clause is inapplicable to suits such as this one for the "recovery of real property." (13). Under Texas law, the "test of whether an action is one to recover real estate . . . is whether the title asserted by the plaintiff, whether legal or equitable, will support an action in trespass to try title. In determining this question, mere form in which the action is brought is immaterial." (14) Moreover, while the statute of limitations for a voidable lien is four-years, "the rule is well established in Texas that where a deed is absolutely void, a suit in law in trespass to try title may be maintained to recover the land." (15). Accordingly, when a deed is invalid and void, a plaintiff's cause of action is not barred by the four-year statute of limitation. (16) In this case, taking Plaintiff's allegations as true, as the Court must, the lien in question was void from its inception. Accordingly, this suit is not barred by limitations.

17. In any event, due to tolling, the statute of limitations is still in effect

## VI. REQUEST FOR DISCLOSURE

18. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 21 days of service of this request, the information or material described in Rule 194.2 to be produced to William P. Burch, Plaintiff, 5947 Waterford Dr. Grand Prairie, Texas 75052 during normal business hours.

## VII. REMEDY

19. Lien released on property immediately in favor of plaintiff immediately.

---

(12) Arizona v. California, 530 U.S. 392, 424-5 (2000) (quoting Nevada v. United States, 463 U.S. 110, 129-130 (1983)). The confirmation of a plan and a debtor's challenge to a mortgage both address the issue of whether the underlying lien was valid. See In re Layo, 460 F.3d 289, 294 (2d Cir. 2006); In re Fennell, 2012 WL 1536535 at *4 (Bankr. E.D.N.Y. May 2, 2012).

(13) TEX.CIV.PRAC. & REM.CODE ANN. § 16.051

(14) Hardeman v. Mitchell, 44 S.W.2d 651, 654 (Tex.Civ.App. 1969).

(15) See id. (citing Slaughter v. Quails , 162 S.W.2d 671, 674 (Tex. 1942))

(16) Campsey v. Jack County Oil and Gass Ass'n, 328 S.W.2d 912, 915 (Tex.Civ.App 1959).

## IIX. PRAYER

20.. For these reasons, Plaintiff asks that the Court issue citations for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants, jointly and severally, for all damages described herein, including actual damages, punitive damages, attorney's fees, cost of suit, interest as allowable by law and for such other relief, in law and in equity, to which Plaintiff may be justly entitled.

Dated: February 14, 2019

Respectfully submitted,

William P. Burch-Pro Se
P. O. Box 201236
Arlington, Texas 76006
817-919-4853
billburch@worldcrestauctions.com

# EXHIBIT A-3

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause Number: CC-19-00988-C
(The Clerk's office will fill in the Cause Number when you file this form)

Plaintiff: William P. Burch
(Print first and last name of the person filing the lawsuit.)

And

Defendant: JP Morgan Chase Bank, N.A.
(Print first and last name of the person being sued.)

In the (check one):
☐ District Court
☒ County Court / County Court at Law
☐ Justice Court

Court Number

Tarrant County, Texas

# Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

## 1. Your Information

My full legal name is: William Paul Burch (First / Middle / Last) My date of birth is: 10 / 05 / 1951 (Month/Day/Year)

My address is: (Home) 5947 Waterford Dr.; Grand Prairie, Texas 75052

(Mailing) P. O. Box 201236;Arlington, Texas 76006

My phone number: 817-919-4853 My email: billburch@worldcrestauctions.com

About my **dependents:** "The people who depend on me financially are listed below.

| | Name | Age | Relationship to Me |
|---|---|---|---|
| 1 | Juanita Burch | 64 | Wife |
| 2 | Paul Burch | 38 | Son |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

## 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

or-

☒ I am not represented by legal aid. I did not apply for representation by legal aid.

## 3. Do you receive public benefits?

☒ I do not receive needs-based public benefits. - **or** -

☐ I receive these **public benefits/government entitlements** that are based on indigency:
(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)

☐ Food stamps/SNAP ☐ TANF ☐ Medicaid ☐ CHIP ☐ SSI ☐ WIC ☐ AABD
☐ Public Housing or Section 8 Housing ☐ Low-Income Energy Assistance ☐ Emergency Assistance
☐ Telephone Lifeline ☐ Community Care via DADS ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other:

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS
2019 FEB 14 PM 2:21



CC-19-00988-C
CAIP
AFFIDAVIT INABILITY TO PAY
2032630

**4. What is your monthly income and income sources?**

"I get this monthly income:

$______ in monthly wages. I work as a ______ (*Your job title*) for ______ (*Your employer*).

$______ in monthly unemployment. I have been unemployed since *(date)* ______.

$______ in public benefits per month.

$ 984 from other people in my household each month: *(List only if other members contribute to your household income.)*

$ 1319 from ☐ Retirement/Pension ☐ Tips, bonuses ☐ Disability ☐ Worker's Comp
☒ Social Security ☐ Military Housing ☐ Dividends, interest, royalties
☐ Child/spousal support
☐ My spouse's income or income from another member of my household *(if available)*

$______ from other jobs/sources of income. *(Describe)* ______

$ 2303 is my *total* **monthly** income.

**5. What is the value of your property?**

| "My **property** includes: | **Value*** |
|---|---|
| Cash | $ |
| Bank accounts, other financial assets | |
| Frost Bank | $ 44.84 |
| | $ |
| | $ |
| Vehicles (cars, boats) *(make and year)* | |
| Nissan Murano 2017 | $ 0 |
| | $ |
| | $ |
| Other property (like jewelry, stocks, land, another house, etc.) | |
| 1713 Enchanted | $ 0 |
| 203 Hemlock | $ 0 |
| 5947 Waterford; 2511 Gerry Way | $ 0 |
| ***Total* value of property** → | $ 44.84 |

**6. What are your monthly expenses?**

| "My **monthly expenses** are: | **Amount** |
|---|---|
| Rent/house payments/maintenance | $ 1200 |
| Food and household supplies | $ 800 |
| Utilities and telephone | $ 1200 |
| Clothing and laundry | $ 50 |
| Medical and dental expenses | $ 80 |
| Insurance (life, health, auto, etc.) | $ |
| School and child care | $ |
| Transportation, auto repair, gas | $ 750 |
| Child / spousal support | $ |
| Wages withheld by court order | $ |
| Debt payments paid to: *(List)* | $ |
| | $ |
| | $ |
| ***Total* Monthly Expenses** → | $ 4080 |

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**7. Are there debts or other facts explaining your financial situation?**

"My **debts** include: *(List debt and amount owed)* Involuntary Chapter 7, converted from Chapter 11. Properties are those declaired of no value by Chapter 7 Trustee

"

*(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.") Check here if you attach another page.* ☐

**8. Declaration**

I declare under penalty of perjury that the foregoing is true and correct. I further swear:

☒ I cannot afford to pay court costs.

☐ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is William Paul Burch. My date of birth is: 10 / 05 / 1951.

My address is 5947 Waterford Dr.; (*Street*) Grand Prairie, (*City*) Texas (*State*) 75052 (*Zip Code*) Tarrant (*Country*)

▶ [signature] (*Signature*) signed on 02/ 13 /2019 (*Month/Day/Year*) in Tarrant (*county name*) County, Texas (*State*)

# EXHIBIT A-4

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-19-00988-C**
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

**TO:**

**JP MORGAN CHASE BANK N.A.**
**SERVE ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINA; PETITION FOR QUIET TITLE, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**WILLIAM PAUL BURCH**
***Plaintiff(s)***

**VS.**

**JP MORGAN CHASE BANK N.A.**
***Defendant(s)***

filed in said Court on the 14th day of February, 2019a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 15th day of February, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By Guisla Hernandez, Deputy
Guisla Hernandez

COUNTY COURT OF DALLAS COUNTY, TEXAS

CC-19-00988-C
CICI
ISSUE CITATION
2032725

**PCT 1**

**CITATION**
**PLAINTIFF'S ORIGINA; PETITION FOR QUIET TITLE**

**CC-19-00988-C**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

WILLIAM PAUL BURCH, ***Plaintiff(s)***

**VS.**

JP MORGAN CHASE BANK N.A.,
***Defendant(s)***

**SERVE:**
**JP MORGAN CHASE BANK N.A.**
**SERVE ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**15TH DAY OF FEBRUARY, 2019**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff- Pro Se

WILLIAM PAUL BURCH
5947 WATERFORD DR
PO BOX 201236
ARLINGTON TX 76006
817-919-4853

OFFICER'S FEES HAVE BEEN COLLECTED
BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-19-00988-C County Court at Law No. 3

WILLIAM PAUL BURCH vs. JP MORGAN CHASE BANK N.A.

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

**Fees:**
Came to hand on the _____day of _____________, 20________, at _____o'clock _____.m., and executed in ____________ County, Texas by delivering to JP MORGAN CHASE BANK N.A. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINA; PETITION FOR QUIET TITLE with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), ____________________________________________

The diligence used in finding said defendant(s) being:

____________________________________________

and the cause or failure to execute this process is:

____________________________________________

and the information received as to the whereabouts of said defendant(s) being:

____________________________________________

Serving Petition and Copy $________ ______________________________, Officer

Total $________ ______________________________, County, Texas

By:______________________________, Deputy

______________________________, Affiant

# EXHIBIT A-5

# CONSTABLE'S RETURN

**Style of Case:** **WILLIAM PAUL BURCH VS. JP MORGAN CHASE BANK N.A.**

*Came into hand, this* **18** *day of* **FEBRUARY** *,20* **19** *AT* **10:37** *o'clock* **A** *M. by executing and delivering a* **CITATION** *issued out of the state of* **TEXAS** *under cause number:* **CC-19-00988-C** **19** day **FEBRUARY** *, 20* **19** *, at* **3:40** *o'clock* **P** M., to:

☐ ______ *personally delivered/served true and correct copies of same.*

**OTHER NOTES:** ______

☐ ______ *pursuant to Rule 106/Rule 536, to an occupant:* ______ *over the age of 16 years.*

☐ ______ *pursuant to Rule 106/Rule 536, by securely attaching and/or affixing to the* ______ *of the defendant's last known place of* ☐ *business* ☐ *abode.*

☐ **JP MORGAN CHASE BANK N.A.** ☐ **A Corporation** ☐ **A Business**

**Name:** **C T CORPORATION SYSTEM** ☐ **President** ☐ **Vice-President** ☒ **Registered Agent**

☒ **By delivering to the defendant's registered agent for service, C.T. CORPORATION SYSTEM, through Their authorized agent to accept service: MELISSA TORRES SOP INTAKE ASSOCIATE**

**at 1999 BRYAN ST STE 900 Dallas, Texas 75201.**

**Service Address:** **1999 BRYAN ST STE 900 DALLAS TEXAS 75201**

☐ **RETURNED TO COURT AND/OR PLAINTIFF FOR THE FOLLOWING REASONS:**

______

______

**Service Fees: $ 80.00**

[signature] #135

**M. JOHNSON #135 DEPUTY CONSTABLE**
**TRACEY L. GULLEY, CONSTABLE**
**DALLAS COUNTY PRECINCT 1**

**COUNTY OF DALLAS**

**STATE OF TEXAS**

**SIGNED AND SWORN BY SAID** ______ **,before me, this** ______

**Day Of** ______ **20** ____ **, to certify which, witness my hand and seal of office.**

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2019 FEB 27 AM 11: 17

**NOTARY PUBLIC-IN AND FOR THE STATE OF TEXAS**

009011

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-19-00988-C**
COUNTY COURT AT LAW NO. 3
Dallas County, Texas

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2019 FEB 27 AM 11:17

**PCT 1**

**CITATION**
**PLAINTIFF'S ORIGINA; PETITION FOR QUIET TITLE**

**CC-19-00988-C**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

WILLIAM PAUL BURCH, ***Plaintiff(s)***

**VS.**

JP MORGAN CHASE BANK N.A.,
***Defendant(s)***

**SERVE:**
**JP MORGAN CHASE BANK N.A.**
**SERVE ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**15TH DAY OF FEBRUARY, 2019**

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff- Pro Se
WILLIAM PAUL BURCH
5947 WATERFORD DR
PO BOX 201236
ARLINGTON TX 76006
817-919-4853

**TO:**

**JP MORGAN CHASE BANK N.A.**
**SERVE ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINA; PETITION FOR QUIET TITLE, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

RECEIVED
CONSTABLE OFFICE PCT.
2019 FEB 18 AM 10:37
7201 S POLK ST
DALLAS, TEXAS

**WILLIAM PAUL BURCH**
***Plaintiff(s)***

**VS.**

**JP MORGAN CHASE BANK N.A.**
***Defendant(s)***

filed in said Court on the 14th day of February, 2019a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 15th day of February, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
Guisla Hernandez

COUNTY COURT OF DALLAS COUNTY, TEXAS

OFFICER'S FEES HAVE BEEN COLLECTED
BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-19-00988-C County Court at Law No. 3

WILLIAM PAUL BURCH vs. JP MORGAN CHASE BANK N.A.

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

**Fees:**
Came to hand on the _____day of FEB 1 8 2019 ____________, 20________, at _____o'clock _____.m., and executed in ____________ County, Texas by delivering to JP MORGAN CHASE BANK N.A. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINA; PETITION FOR QUIET TITLE with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s). ____________________________________________

The diligence used in finding said defendant(s) being:

____________________________________________

and the cause or failure to execute this process is:

____________________________________________

and the information received as to the whereabouts of said defendant(s) being:

____________________________________________

Serving Petition and Copy $________ TRACEY GULLEY, CONSTABLE DALLAS COUNTY PRECINCT 1, Officer

Total $________ ____________________, County, Texas

By:____________________, Deputy

____________________, Affiant