UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| William Paul Burch, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00645-N-BH |
| | § | |
| JP Morgan Chase Bank, N.A., | § | |
| | § | |
| Defendant. | § | |

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant JPMorgan Chase Bank, N.A. (Chase), incorrectly sued as JP Morgan Chase Bank NA, files its Motion to Dismiss Plaintiff's Complaint, and would respectfully show as follows:

In Plaintiff's Original Petition for Quiet Title (the Complaint), plaintiff William Paul Burch (Burch) asserts quiet title and trespass to try title claims. Though not entirely clear, it appears Burch's claims are premised upon his contention that he has title to the real property located at 2531 Gerry Way, Lancaster, Texas (the Property) and his title is unencumbered by any interest Chase claims in the Property.[1] Burch contends a promissory note and mortgage lien secured by the Property are unenforceable as a result of their treatment in his 2008 bankruptcy. The Complaint is devoid of allegations that would demonstrate a plausible right to relief under any cause of action.

Burch fails to demonstrate any plausible right to relief for quiet title or trespass to try title against Chase because he identifies no fact that would show Chase claims any interest in the

[1] Doc. 1-1 10 ¶ 14.

Property whatsoever, much less any interest that is invalid.[2] Nor does Burch allege facts that would show Chase possesses the Property or withheld possession from Burch. Burch also fails to identify facts that would show Burch has title to the Property or that Burch's alleged interest is superior to Chase's purported interest. Thus, Burch fails to state a quiet title or trespass to try title claim against Chase. Because Burch cannot prevail on any substantive cause of action and is representing himself as a pro se non-attorney litigant, he is not entitled to damages or attorney's fees.

Because Burch asserts no viable or cognizable claim by which he may be entitled to relief, Burch's claims should be dismissed under Federal Rules of Civil Procedure 8 and 12(b)(6), as more fully discussed in the simultaneously filed brief.

Chase prays that the Court dismiss all of Burch's claims because he fails to state any claim upon which relief may be granted.

Respectfully submitted,

*/s/ R. Kendall Yow*

WM. LANCE LEWIS
Texas Bar No. 12314560
R. KENDALL YOW
Texas Bar No. 24066806
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
214-880-1833 Telephone
214-871-2111 Facsimile
llewis@qslwm.com
kyow@qslwm.com

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.

[2] The deed records show that Chase claims no interest in the Property. App. 2-3, 23.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been served on all parties in accordance with the Federal Rules of Civil Procedure on March 22, 2019.

William P. Burch
P.O. Box 201236
Arlington, Texas 76006

*/s/ R. Kendall Yow*
R. Kendall Yow