UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| William Paul Burch, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00645-N-BH |
| | § | |
| JP Morgan Chase Bank, N.A., | § | |
| | § | |
| Defendant. | § | |

# BRIEF IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant JPMorgan Chase Bank, N.A. (Chase), incorrectly sued as JP Morgan Chase Bank NA, files its Brief in Support of Motion to Dismiss Plaintiff's Complaint, and would respectfully show as follows:

## I. SUMMARY

In Plaintiff's Original Petition for Quiet Title (the Complaint), plaintiff William Paul Burch (Burch) asserts quiet title and trespass to try title claims. Though not entirely clear, it appears Burch's claims are premised upon his contention that he has title to the real property located at 2531 Gerry Way, Lancaster, Texas (the Property) and his title is unencumbered by any interest Chase claims in the Property.[1] Burch contends a promissory note and mortgage lien secured by the Property are unenforceable as a result of their treatment in his 2008 bankruptcy. The Complaint

[1] Doc. 1-1 10 ¶ 14.

is devoid of allegations that would demonstrate a plausible right to relief under any cause of action.[2]

Burch fails to demonstrate any plausible right to relief for quiet title or trespass to try title against Chase because he identifies no fact that would show Chase claims any interest in the Property whatsoever, much less any interest that is invalid.[3] Nor does Burch allege facts that would show Chase possesses the Property or withheld possession from Burch. Burch also fails to identify facts that would show Burch received any interest in the Property or that Burch's interest is superior to Chase's purported interest. Thus, Burch fails to state a quiet title or trespass to try title claim against Chase. Because Burch cannot prevail on any substantive cause of action and is representing himself as a pro se non-attorney litigant, he is not entitled to damages or attorney's fees.

Because Burch asserts no viable or cognizable claim by which he may be entitled to relief, all of Burch's claims should be dismissed under Federal Rules of Civil Procedure 8 and 12(b)(6).

## II.
## ARGUMENTS AND AUTHORITIES

### A. RULE 12(B)(6) STANDARD.

To survive a motion to dismiss based on Rule 12(b)(6), a plaintiff must plead sufficient facts to state "a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The pleading standard set forth by the United States Supreme Court does not "require 'detailed factual allegations,' but it demands more

[2] The same day Burch initiated this suit, Burch filed a separate suit against Litton Loan Servicing, LP concerning the Property in which his petition is nearly identical to Complaint captioned *William Paul Burch v. Litton Loan Servicing, LP*, assigned cause number CC-19-00987-B in the County Court at Law Number Two of Dallas County, Texas. Burch's suit against Litton Loan Servicing, LP could indicate that this suit was mistakenly filed against the wrong entity.

[3] The deed records show that Chase claims no interest in the Property. App. 2-3, 23.

than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal citations omitted). While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations must be sufficient to raise the right to relief above a speculative level. *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 184 (5th Cir. 2009). "Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief." *Twombly*, 550 U.S. at 557.

B. REQUEST FOR JUDICIAL NOTICE.

In determining the validity of a Rule 12(b)(6) motion, a court cannot look beyond the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See In re Katrina Canal Breaches Litigation*, 495 F.3d, 191, 205 (5th Cir. 2007). Documents "'attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir.

2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "When a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011).

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). Chase requests that the Court take judicial notice of the following documents that are available in the public record or central to Burch's claims and referred to in the Complaint:

(1) Deed of Trust dated January 19, 2007 from Burch and Juanita Burch to Mortgage Electronic Registration Systems, Inc. (MERS) (the Deed of Trust);[4]

(2) Assignment of Note and Deed of Trust from MERS to Deutsche Bank National Trust Company as Trustee for GSAA Home Equity Trust 2007-5, Asset-Backed Certificates, Series 2007-5 (Deutsche Bank, as trustee) dated July 4, 2008 (the Assignment);[5] and

(3) Order Confirming Debtor's Third Amended Plan of Reorganization (Doc. 246) in case number 08-45761-RFN-11 in the United States Bankruptcy Court of the Northern District of Texas, Fort Worth Division.[6]

These records are attached as Exhibits A through C, respectively.

[4] The Deed of Trust is available in the Official Records of Dallas County, Texas as instrument number 20070026844. App. 21.

[5] The Assignment is available in the Official Records of Dallas County, Texas as instrument number 200900171099. App. 25.

[6] *See* Doc. 1-1 9-11 ¶¶ 5, 14.

### C. Burch fails to state a claim upon which relief may be granted.

#### 1. Burch fails to state a quiet title claim.

Burch fails to demonstrate a plausible right to relief under a quiet title theory because he identifies no fact that would show Burch owns any interest in the Property, Chase claims an interest in the Property, or Burch's purported interest is superior to any interest purportedly claimed by Chase. "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title. *Id.* Burch states no plausible claim against Chase because he identifies no fact that would show Burch received any interest in the Property or that Chase claims any interest in the Property, much less any interest that is invalid.

Burch identifies no fact that would demonstrate he received title to the Property. Burch merely suggests he owns the Property by alleging that "as a result of a downturn in the market, the value of his property was less than the balance on his Mortgage Note" and an unidentified mortgage company "put road blocks in front of the Plaintiff to prevent his selling the property."[7] Burch fails to identify any instrument through which he contends he received title to the Property, the date of any conveyance, or parties to the transaction through which he purportedly received title. Burch also fails to identify any fact that would show his alleged title is superior to any interest purportedly claimed by Chase. Thus, Burch fails to allege facts that would demonstrate Burch received any interest in the Property that would support a quiet title claim.

[7] Doc. 1-1 9-10 ¶¶ 4, 12.

Burch also fails to identify any fact that would show Chase claims an interest in the Property whatsoever, much less any interest that is invalid. The only facts Burch alleges that would show anyone other than Burch claims any interest in the Property concern a deed of trust lien. Burch alleges a 2009 bankruptcy plan identifies as the secured mortgage holder Litton Loan Servicing—not Chase.[8] Additionally, deed records demonstrate that in 2007 Burch granted a Deed of Trust against the Property to MERS.[9] In 2008, MERS assigned the Deed of Trust to Deutsche Bank, as trustee.[10] Burch alleges no fact that would show Chase is the current Deed of Trust mortgagee or that it claims any lien or other interest in the Property.

Because Burch identifies no fact that would show he received any interest in the Property or that Chase claims any interest in the Property that is invalid, Burch fails to state a quiet title claim, and this claim must be dismissed.

2. Burch fails to state a trespass to try title claim.

A trespass to try title claim is the procedure to determine disputes about title to land, tenements, or other real property. Tex. Prop. Code § 22.001; *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). "In general, the action of trespass to try title suit is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) (*citing Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex. App.–Corpus Christi 1978, no writ.)). To prevail in a trespass to try title action, a plaintiff must usually prove: (1) a regular chain of conveyances from the sovereign; (2) superior title from of a common source; (3) title by limitations; or (4) title by prior possession with proof that possession was not abandoned. *Martin*,

[8] Doc. 1-1 10 ¶ 14 ("Litton Loan Servicing (Litton) is the mortgage holder on the property located at 2531 Gerry Way, Lancaster, Texas (the "Litton property"). *See* App. 40 ¶ 5.11.
[9] App. 2-3.
[10] App. 23.

133 S.W.3d at 265; *see also Hurd*, 880 F. Supp. 2d at 767. The trespass to try title statute provides a remedy for resolving issues of competing claims to title or to recover possession of land unlawfully withheld from a rightful owner. *See id.* "The prevailing party's remedy is title to, and possession of, the real property interest at issue." *Teon Mgmt., LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 723 (Tex. App.—Eastland 2011, pet. denied).

Texas requires a plaintiff asserting trespass to try title to allege that he possessed or was entitled to possess the property and the defendant dispossessed the plaintiff. Tex. R. Civ. P. 783(e) ("The petition shall state . . . [t]hat the defendant afterward unlawfully entered upon and dispossessed him of such premises, stating the date, and withholds from him the possession thereof."); *see also Hurd*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) ("Since Plaintiff has failed to allege that she has lost possession of the property, her claim for trespass to try title fails and should be dismissed with prejudice [under Rule 12(b)(6)].").

*A. Burch alleges no fact that would show he received title to the Property.*

The Complaint is devoid of facts that would show Burch received title to the Property or any real property. The only indication that Burch purports to own the Property is suggested by the allegations that "as a result of a downturn in the market, the value of his property was less than the balance on his Mortgage Note" and an unidentified mortgage company "put road blocks in front of the Plaintiff to prevent his selling the property."[11] Burch fails to identify any instrument through which he contends he received title. Nor does Burch identify the date he received title or parties to any conveyance. Because Burch fails to allege facts that would demonstrate he received any ownership interest in the Property, he fails to demonstrate he received an interest in the Property that would support a trespass to try title claim.

[11] Doc. 1-1 9-10 ¶¶ 4, 12.

*B. Burch fails to demonstrate Chase possesses or claims title to the Property.*

Burch alleges no fact that would show Chase asserts a competing claim to title to the Property. Nor does Burch identify facts that would show Chase possesses the Property or withheld possession from Burch. *See Hurd*, 880 F. Supp. 2d at 767; *see also Flag-Redfern Oil Co. v. Humble Exploration Co., Inc.*, 744 S.W.2d 6, 8 (Tex. 1987) ("Texas has always followed this lien theory of mortgages. Under this theory, the mortgagee is not the owner of the property and is not entitled to its possession.").

Burch's allegations focus on a confirmed plan in his and Juanita Burch's 2008 chapter 11 bankruptcy. On December 9, 2009, the bankruptcy court approved a plan that Burch contends required him to enter a new mortgage note that would alter the note's terms. Burch alleges a "new replacement Mortgage Note . . . was never filed"[12] and contends that this rendered a mortgage note and lien invalid. Burch's allegations regarding a note and mortgage lien fail to demonstrate that Chase claims title to the Property. Burch does not even allege facts that would show Chase claims a lien against the Property. Instead, Burch alleges the 2009 bankruptcy plan identifies Litton Loan Servicing as the secured mortgage holder.[13] Additionally, deed records demonstrate Deutsche Bank, as trustee is the current Deed of Trust mortgagee.[14] Even if Burch could identify facts that would show Chase claims a lien against the property—which Chase denies—that would still fall short of showing Chase claims title sufficient to support to trespass to try title claim.

Because Burch identifies no fact that would show Burch received title to the Property or that Chase claims title to the Property, possesses the Property, or withheld possession from Burch,

[12] Doc. 1-1 10 ¶ 10.
[13] Doc. 1-1 10 ¶ 14 ("Litton Loan Servicing (Litton) is the mortgage holder on the property located at 2531 Gerry Way, Lancaster, Texas (the "Litton property").
[14] In 2007 Burch granted a deed of trust lien against the Property to MERS. App. 2-3. In 2008 MERS assigned the lien to Deutsche Bank, as trustee. App. 23.

he fails to demonstrate a plausible right to relief for a trespass to try title claim. Accordingly, this claim must be dismissed.

3. Burch is not entitled to damages.

Burch cannot recover damages because he fails to plead a single claim upon which relief may be granted.

4. Burch, a *pro se* non-attorney litigant, is not entitled to attorney's fees.

Because Burch is a *pro se* non-attorney litigant and fails to plead any claim upon which relief may be granted, he is not entitled to attorney's fees. *McLean v. Int'l Harvester Co.*, 902 F.2d 372, 375 (5th Cir. 1990); *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014) ("[P]laintiffs in the Fifth Circuit cannot recover attorney's fees under any type of claim when they proceed on their own behalf.") (citing *Vaksman v. C.I.R.*, 54 Fed. Appx. 592 (5th Cir. 2002) ("As a *pro se* litigant, he is not entitled to attorney fees because, quite simply, he did not actually 'pay' or 'incur' attorney fees.")).

## III.
## PRAYER

Chase prays that the Court dismiss all of Burch's claims because he fails to state any claim upon which relief may be granted.

Respectfully submitted,

*/s/ R. Kendall Yow*

WM. LANCE LEWIS
Texas Bar No. 12314560
R. KENDALL YOW
Texas Bar No. 24066806
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
214-880-1833 Telephone
214-871-2111 Facsimile
llewis@qslwm.com
kyow@qslwm.com

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all parties in accordance with the Federal Rules of Civil Procedure on March 22, 2019.

William P. Burch
P.O. Box 201236
Arlington, Texas 76006

*/s/ R. Kendall Yow*
R. Kendall Yow