UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| William Paul Burch, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00645-N-BH |
| | § | |
| JP Morgan Chase Bank, N.A., | § | |
| | § | |
| Defendant. | § | |

---

# BRIEF IN SUPPORT OF DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND

---

Defendant JPMorgan Chase Bank, N.A. (Chase), incorrectly sued as JP Morgan Chase Bank NA, files its Brief in Support of Defendant JPMorgan Chase Bank, N.A.'s Response to Plaintiff's Motion for Remand, and would respectfully show as follows:

## I. INTRODUCTION

On February 14, 2019, plaintiff William Paul Burch (Burch) filed this suit in state court asserting quiet title and trespass to try title claims concerning the real property located at 2531 Gerry Way, Lancaster, Texas (the Property). On February 19, 2019, Chase was served with process, making its answer due in state court by 10:00 am on March 18, 2019. On March 15, 2019, Chase timely removed the suit to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a).[1] Burch requests the Court to remand this suit based upon a premature motion for default judgment he filed in state court after Chase removed the suit to this Court. Burch's motion fails to identify any defect in the Court's jurisdiction and should be denied.

[1] Chase filed its Notice of Filing Notice of Removal in state court at 8:19 a.m. CT on March 15, 2019. *See* App. 7.

Burch fails to identify any basis for remand. On March 15, 2019, Chase timely removed the suit to federal court, which divested the state court of jurisdiction. Later that day, Burch filed in state court a motion for default judgment.[2] Because Chase perfected its removal before Burch's filing, Burch's motion for default judgment is a nullity. Additionally, because Chase's answer in state court was due on March 18 rather than March 12, as Burch contends, Burch's motion for default judgment is premature and lacks merit. Moreover, Burch's erroneous contention that Chase failed timely answer the Complaint in state court demonstrates no purported defect in this Court's jurisdiction. Thus, Burch identifies no basis to remand this case to state court.

The Complaint demonstrates this Court has jurisdiction over Burch's claims. Burch asserts quiet title and trespass to try title claims premised upon his contentions that he has title to the Property unencumbered by any interest Chase claims and that promissory note and mortgage lien secured by the Property are unenforceable as a result of their treatment in Burch's 2008 bankruptcy.[3] Because a trespass to try title claim seeks a determination of title to real property, the amount in controversy includes the Property's value, which is $105,290.[4] The parties are completely diverse because Burch is a citizen of Texas[5] while Chase is a citizen of Ohio. Thus, this Court has diversity jurisdiction over Burch's trespass to try title claim and supplemental jurisdiction over Burch's quiet title claim.[6]

---

[2] Burch filed his motion for default judgment in state court at 4:32 pm CT on March 15, 2019. *See* App. 15.
[3] Doc. 1-1 10, 12 ¶¶ 14(A), 16, 19.
[4] According to the Dallas Central Appraisal District, the property's assessed value for tax purposes is $105,290. *See* Doc. 1-2 2.
[5] Burch alleges he "is an individual residing in Grand Prairie, at 5947 Waterford Dr, Grand Prairie, Texas 75052." *See* Doc. 1-1 8 ¶ 2.
[6] Because Burch's quiet title claim forms part of the same case or controversy under Article III of the United States Constitution as Burch's trespass to try title claim, the Court has supplemental jurisdiction over Burch's quiet title claim. 28 U.S.C. § 1367(a).

Because the Complaint demonstrates the Court has jurisdiction over Burch's claims, Burch fails to demonstrate any defect in the Court's jurisdiction, and Burch failed to confer on his motion in accordance with Local Rule 7.1, Burch's motion for remand is meritless and should be denied.

## II.
## ARGUMENTS AND AUTHORITIES

### A. Burch identifies no defect in the Court's jurisdiction.

Burch fails to identify any basis for remand. Burch argues that this Court should remand the suit to state court, "so that the defendant can properly respond to the Default Judgment [motion]."[7] Burch fails to identify any basis for remand.

On February 19, 2019, Chase was served with process, making its answer due in state court by 10:00 a.m. on March 18, 2019.[8] Tex. R. Civ. P. 99(b). On March 15, 2019, Chase timely removed the suit to federal court.[9] The removal divested the state court of jurisdiction. *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985) ("[T]the state court retains jurisdiction until the state court receives actual or constructive notice of the removal.") (citing *Medrano v. State of Tex.*, 580 F.2d 803, 804 (5th Cir. 1978)). Later that day, Burch filed a motion for default judgment in state court.[10]

Because Chase perfected its removal before Burch filed his motion seeking a default judgment, the state court lacked jurisdiction over this suit and the filing is a nullity. Additionally, because Chase's state court answer deadline was actually March 18 rather than March 12, Burch's motion seeking a default judgment in state court was premature and lacks merit. Not only is

---

[7] Doc. 9 2 ¶ 12.
[8] Doc. 1-1 21.
[9] *See* Doc. 1. Chase filed its notice of filing notice of removal in state court at 8:19 am CT on March 15, 2019. App. 7.
[10] Burch's Application for Entry of Default was filed at 4:32 pm on March 15, 2019. *See* App. 15. Burch attached to his motion an unfiled copy of Plaintiff's Motion for Entry of Default and for Default Judgment, which was filed on March 20, 2019. *See* Doc. 9 4; App. 3-4, 20.

Burch's contention that Chase failed timely answer the Complaint in state court erroneous, it also fails to demonstrate any defect in this Court's jurisdiction over the suit.

Thus, Burch fails to identify any defect in the Court's jurisdiction and his motion for remand should be denied.

B. The Court has jurisdiction over Burch's claims.

The Complaint and Chase's notice of removal demonstrate diversity jurisdiction exits. Burch asserts quiet title and trespass to try title claims premised upon his contention that he has title to the real property located at 2531 Gerry Way, Lancaster, Texas (the Property) and his title is unencumbered by any interest Chase claims in the Property.[11] Because a trespass to try title claim seeks a determination of title to real property, the amount in controversy includes the property's value. *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977). According to the Dallas Central Appraisal District, the property's assessed value for tax purposes is $105,290.[12] Thus, the amount in controversy for diversity jurisdiction is satisfied.[13]

Burch resides in Grand Prairie, Texas. Thus, Burch is a citizen of Texas.[14] *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Chase is a national association with its main office in Columbus, Ohio. Thus, for diversity jurisdiction purposes, Chase is a citizen of Ohio. 28 U.S.C. § 1348; *see also Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).

---

[11] Doc. 1-1 10, 12 ¶¶ 14(A), 16, 19.
[12] *See* Doc. 1-2 2.
[13] Burch's quiet title and trespass to try title claims are premised upon his contentions that he has title to the Property unencumbered by any interest Chase claims and a promissory note and mortgage lien secured by the Property are unenforceable as a result of their treatment in Burch's 2008 bankruptcy. Doc. 10-1 10, 12 ¶¶ 14(A), 16, 19. Because Burch's quiet title claim forms part of the same case or controversy under Article III of the United States Constitution as Burch's trespass to try title claim, the Court has supplemental jurisdiction over Burch's quiet title claim. 28 U.S.C. § 1367(a).
[14] Burch alleges he "is an individual residing in Grand Prairie, at 5947 Waterford Dr, Grand Prairie, Texas 75052." *See* Doc. 1-1 8 ¶ 2.

Because the amount in controversy exceeds $75,000, Burch is a citizen of Texas, and Chase is a citizen of Ohio, this Court has original jurisdiction over this suit under 28 U.S.C. § 1332. Accordingly, Burch's motion to remand should be dismissed.

C. Burch failed to confer with Chase's counsel as required by Local Rule 7.1.

Burch failed to confer with Chase's counsel regarding the relief he requests in his motion for remand or file a certificate of conference. Local Rule 7.1(a) requires a moving party to confer with an attorney for each party affected by the requested relief before filing a motion to remand. Local Rule 7.1(b) requires a motion for which a conference is required to include a certificate of conference indicating whether the motion is opposed or unopposed. Burch failed to confer with Chase's counsel regarding his motion for remand and failed to include a certificate of conference in his motion.[15] Thus, Burch failed to comply with Local Rule 7.1.

Accordingly, Burch's motion to compel is meritless and should be denied.

## III.
## CONCLUSION

Chase requests that the Court deny Burch's Motion for Remand, retain jurisdiction over this case, and for all other relief to which it may justly be entitled.

[15] On November 26, 2018, in a different case involving the same parties, the Court brought Local Rule 7.1's conference requirement to Burch's attention by ordering Burch to confer with Chase's counsel and file a certificate of conference concerning a motion Burch filed in that case. *See* civil action number 3:18-cv-02731-M-BH, dkt. no. 31.

Respectfully submitted,

*/s/ R. Kendall Yow*
WM. LANCE LEWIS
Texas Bar No. 12314560
R. KENDALL YOW
Texas Bar No. 24066806
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
214-880-1833 Telephone
214-871-2111 Facsimile
llewis@qslwm.com
kyow@qslwm.com

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK, N.A.

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all parties in accordance with the Federal Rules of Civil Procedure on May 1, 2019.

William P. Burch
P.O. Box 201236
Arlington, Texas 76006

*/s/ R. Kendall Yow*
R. Kendall Yow