## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM PAUL BURCH,** | § | |
| **Plaintiff,** | § | |
| v. | § | **Civil Action No. 3:19-CV-0645-N-BH** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are *Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint*, filed March 22, 2019 (doc. 5), and *Plaintiff's Motion for Remand*, filed April 1, 2019 (doc. 9). Based upon the relevant filings and applicable law, the plaintiff's motion for remand and motion for default judgment should be **DENIED,** and the defendant's motion to dismiss should be **GRANTED**.

### I. BACKGROUND

On February 14, 2019, William Paul Burch (Plaintiff) filed this lawsuit concerning title to the property located at 2531 Gerry Way, Lancaster, Texas 75134 (the Property), against JP Morgan Chase Bank, N.A. (Defendant). (doc. 1-1 at 8-13.)[2]

On or about January 19, 2007, Plaintiff and his wife executed a promissory note (the Note) in favor of Freedom Mortgage Corporation (Lender) in the amount of $66,000.00 plus interest, as well as a deed of trust (the Deed of Trust) securing payment of the Note. (doc. 7-1 at 2-21.) The Deed of Trust designated Mortgage Electronic Registration Systems, Inc. (MERS) as "the beneficiary" and nominee for Lender and its successors and assigns. (*Id.* at 3.) On or about July 4,

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2008, MERS assigned the Note and Deed of Trust to Deutsche Bank National Trust Company as Trustee for GSAA Home Equity Trust 2007-5, Asset-Backed Certificates, Series 2007-5 c/o Litton Loan Servicing, LP (Litton). (*Id.* at 23-25.)

On December 1, 2008, Plaintiff and his wife filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. *See In re William Burch and Juanita Burch,* No. 08-45761-rfn11 (Bankr. N.D. Tex.) (the Bankruptcy). On December 9, 2009, the bankruptcy court entered an order confirming their Third Amended Plan of Reorganization, which reaffirmed Litton's status as the mortgage holder on the Property and required Plaintiff to enter into a new note in the original principal amount of $33,000 (Bankruptcy Plan). (*Id.,* doc. 246 at 14; doc. 1-1 at 10-11.) The Bankruptcy was closed on September 11, 2012.

On February 14, 2019, Plaintiff filed his original petition in state court, asserting quiet title and trespass to try title claims. (*See* doc. 1-1 at 8-13.) He sought to have the lien on the Property be immediately released in his favor, and judgment against Defendant "for all damages described [t]herein, including actual damages, punitive damages, attorney's fees, cost of suit, interest as allowable by law and for such other relief, in law and inequity, to which Plaintiff may be justly entitled." (*Id.* at 12-13.)

On March 15, 2019, Defendant removed the suit on grounds of diversity jurisdiction under 28 U.S.C. § 1332, and it moved to dismiss Plaintiff's claims on March 22, 2019. (*See* docs. 1, 5.) Plaintiff responded on April 12, 2019 (doc. 10), and Defendant replied on April 23, 2019 (doc. 12). On April 11, 2019, Plaintiff moved to remand the case to state court. (doc. 9.) Defendant filed its response on May 1, 2019 (doc. 13), but Plaintiff did not file a reply.

## II. MOTION TO REMAND

Plaintiff moves to remand on grounds that federal jurisdiction is lacking.  (doc. 9 at 2.)

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action.  28 U.S.C. § 1441(a).  A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States.  *Id.* § 1331.  Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship.  *Id.* § 1332(a).  "Section 1447(c) provides two grounds for remand: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction."  *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993).

To determine whether it has federal jurisdiction over the removed case, the court must "consider the claims in the state court petition as they existed at the time of removal."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Id.*  "This burden extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute."  *Fraire v. Budget Rent-A-Car of El Paso, Inc.*, No. EP-10-CV-338-PRM, 2011 WL 3678584, at *2 (W.D. Tex. Mar. 31, 2011) (citing *Burks*, 8 F.3d at 303).  If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand."  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

"[W]hen a court performs its duty to verify that it has jurisdiction, it may be required to

3

survey the entire record, including the defendant's pleadings, and base its ruling on the complaint,

on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*,

963 F.2d 806, 808 (5th Cir. 1992) (citation omitted); *see also Smith v. Estate of Wagner*, No. CIV

A H 06–02629, 2006 WL 2729282, at *3 (S.D. Tex. Sept. 25, 2006) (explaining that a "court . . .

[may] consider the defendant's notice of removal, other pleadings, and the record as of the time of

removal if necessary to shed light on the plaintiff's pleadings"). "The purpose of this careful survey,

however, is to shed light on the plaintiff's pleadings. The court's focus is on the plaintiff's

pleadings, not the defendant's." *Aquafaith*, 963 F.2d at 808.

## A.    **Timeliness**

Plaintiff initially contends that Defendant's answer to his state court petition was due by

March 12, 2019, but Defendant failed to respond by that date, and instead removed this action on

March 15, 2019. (*See* doc. 9 at 2.) His claim could liberally be construed as a challenge to the

timeliness of the removal, i.e., a defect in the removal procedure.

Removal of a civil action or proceeding from a state court must occur within thirty days after

a defendant receives a pleading, motion, or other paper that suggests the existence of federal

jurisdiction. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526

U.S. 344 (1999) (holding that the thirty-day deadline for removal commences on the date that the

summons or citation is officially served). The Fifth Circuit has interpreted § 1446 to mean that "a

defendant's right to removal runs from the date on which it is formally served with process."

*Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014). Until formally served

with process, a defendant has no obligation to appear in court or defend an action before it, and the

thirty-day removal period does not begin to run until that time. *Id.* (citing *Michetti Pipe*, 526 U.S.

at 350).

Here, Plaintiff contends that Defendant was formally served the state court petition on February 19, 2019.  It had thirty days, until March 21, 2019, to remove the state case to federal court.  Defendant filed its notice of removal in federal court on March 15, 2019, which complied with the requirements of § 1446(a).  (*See* doc. 1.)  Because Defendant's notice of removal was filed before March 21, 2019, removal was timely.  To the extent that Plaintiff's motion to remand is premised on the alleged untimeliness of the removal, it should be denied.

**B.    Pending Motion**

Plaintiff also argues that because he filed an application for entry of default in state court on the same day the case was removed based on Defendant's failure to timely answer, the case needs to be remanded "back to the proper jurisdiction of Dallas County Court so that the defendant can properly respond to the Default Judgment."  (*See* doc. 9 at 2.)

Removal divests the state court of its jurisdiction, and the federal court acquires full and exclusive jurisdiction over the case as though it had been originally commenced in the federal court. *See Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1195 (S.D. Miss. 1989).  By operation of law, all motions pending in state court at the time of removal remain pending as if they had been filed in federal court.  *See Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985) (holding that a motion to set aside a default judgment that was pending in state court prior to removal was a motion that could be considered by the district court).  If federal jurisdiction exists and the defendant complies with the necessary requirements of the removal statute, there is no obligation to file an answer or response in the state court proceeding.  *See* 28 U.S.C. § 1441.  In fact, a defendant that learns of the litigation has the right to remove the state action even before it is

formally served. *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014). A pending state court motion will not defeat removal. *See Hundall v. Univ. of Texas at El Paso (UTEP)*, No. EP-13-CV-00365-DCG, 2013 WL 12090353, at \*3 (W.D. Tex. Dec. 10, 2013) ("It is irrelevant when Plaintiff's state court motions were filed because pending motions do not bar removal.").

Even if Plaintiff's motions for entry of default and default judgment were pending at the time of removal, he has not demonstrated either a defect in the removal procedure or a lack of jurisdiction on this basis, and his motion for remand should be denied.

### III. MOTION FOR DEFAULT JUDGMENT

As noted, Plaintiff moved for entry of default in state court on March 15, 2019, and for default judgment on March 20, 2019.[3]

"Once a state court action is removed, it is governed by federal, rather than state, procedure." *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986) (internal quotation marks omitted); *see Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th. Cir. 2006) ("[F]ederal law, rather than state law, invariably governs procedural matters in federal courts."). Rule 55 allows a default judgment to be entered against a party and provides the applicable procedure. *See* Fed. R. Civ. P. 55. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead

---

[3]Although it is evident from the state court records that the state court received the notice of removal before the application for entry of default judgment, it is not clear whether Plaintiff had notice of the removal at the time he filed the motion for default judgment. "[S]everal courts have construed [28 U.S.C. § 1446] as requiring actual notice and have placed the burden of proof upon [the] [d]efendants to establish timely notice was given." *Frank A. Smith Sales, Inc.*, 2015 WL 12804538, at \*2 (citing cases). The Certificate of Service for both notices of removal provide that written notice was sent to Plaintiff via mail on March 15, 2019. (*See* doc. 1.) Because Defendant has not established the date that Plaintiff received actual notice of the removal, however, it is unclear whether the motion for default judgment was pending before removal was fully effected.

or otherwise defend" against an action. Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.; New York Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Even assuming that Plaintiff's motions for entry of default and default judgment were pending at the time of removal, no entry of default was entered by the clerk of court in state court. No default has been entered in this case.  Further, Defendant has appeared and defended the action. *See Rogers v. Barnhart*, 365 F. Supp. 2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("The filing of a motion to dismiss is normally considered to constitute an appearance . . . .")).  Plaintiff cannot satisfy the first and second requirements for a default judgment. *See* Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141.  Accordingly, any pending motion for default judgment should be denied.

## IV.  MOTION TO DISMISS

Defendant moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. (doc. 5.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-

pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847

F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Defendant attached to its motion to dismiss copies of the Deed of Trust, the assignment of the note and deed of trust to Litton, and the Bankruptcy Plan. (*See* doc. 7.) These documents can be judicially noticed because they are matters of public record, and their contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of . . . deeds and assignments"); *see also Wang v. Prudential Ins. Co. of America.*, 439 F. App'x 359, 363 (5th Cir. 2011) (holding that the district court "did not impermissibly consider documents outside of the record in deciding the

motion to dismiss, as the documents referred to were public court filings"); Fed. R. Evid. 201(b)(2)

(a court may take judicial notice of a fact when it "can be accurately and readily determined from

sources whose accuracy cannot reasonably be disputed"). Accordingly, it is unnecessary to convert

the motion to dismiss into a motion for summary judgment in order to consider these documents.

### A.      <u>Suit to Quiet Title and Trespass to Try Title</u>

Defendant moves to dismiss Plaintiff's claims for quiet title and trespass to try title, arguing

that he asserts no facts showing that it claims any interest in the Property, or that he has a superior

interest in the Property. (doc. 6 at 2.)

A suit to quiet title, or to remove cloud from title, "relies on the invalidity of the defendant's

claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex.App.-Houston [1st

Dist.] 2011, no pet.). This suit "enable[s] the holder of the feeblest equity to remove from his way

to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d

942, 952 (Tex.Civ.App.-Waco 1980, writ ref'd n.r.e.) (citation and internal quotation marks

omitted). To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his

title to the property is affected by a claim by the defendant; and (3) the claim, although facially

valid, is invalid or unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747,

766 (N.D. Tex. 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL

6938507, at *3 (Tex.App.-Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem.op.)). The plaintiff

"must allege right, title, or ownership in himself or herself with sufficient certainty to enable the

court to see he or she has a right of ownership that will warrant judicial interference." *Id.* at 766-

67(citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex.App.-Beaumont 2000, pet. denied)).

Notably, the plaintiff must prove and recover on the strength of his own title, not on the weakness

of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.-Corpus Christi 2001, no pet.).

"An action in trespass to try title is the method of determining title to lands, tenements, or other real property." Tex. Prop. Code Ann. § 22.001 (West 2000). This action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex.App.-Corpus Christi 1978, no writ) (citations omitted). To prevail, a plaintiff must either: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Hurd*, 880 F. Supp.2d at 767 (citing *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). As with a suit to quiet title, the plaintiff "must recover upon the strength of his own title and not the weakness of the defendant's title." *Rocha*, 574 S.W.2d at 236 (citing to *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226 (Tex. 1961) and *Kauffman v. Shellworth*, 64 Tex. 179 (1885)).

Plaintiff alleges that "as a result of a downtown in the market, the value of his property was less than the balance on his Mortgage Note," and he decided to file for Chapter 11 bankruptcy. (doc. 1-1 at 9.) He contends that the Bankruptcy Plan voided the Note and required the "Mortgage Company"[4] to produce a new promissory note "within six months of the confirmation of the plan (December 2009)." (*Id.*) Because a new promissory note was never produced, Plaintiff argues that the Property "goes to the debtor" free of all prior liens. (*Id.* at 10-11.) These allegations fail to

---

[4]"Mortgage Company" is not defined in the petition, but appears to refer to Litton, which was the mortgage holder identified in the Bankruptcy Plan. Litton is not a party in this lawsuit, but Plaintiff filed a similar suit against Litton on the same day. *William Paul Burch v. Litton Loan Servicing, LP,* No. CC-19-00987-B (Cnty Ct. No. 2, Dallas, County, Tex. Feb. 14, 2019). The state court dismissed that case for want of prosecution on May 30, 2019. (*Id.*, Dismissal for Want of Prosecution.)

explain how or why Plaintiff's purported title to or interest in the Property is superior to that of Defendant. While he points to the Bankruptcy Plan, there are no allegations that an interest in the Property was ever conveyed to Defendant, or that it ever claimed an interest in the Property. In fact, the property records shows that Defendant does not have title to or interest in the Property. (*See* doc. 7 at 2-25); *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 866 (N.D. Tex. 2013) (concluding that because there were no allegations that defendant "actually claim[ed] an interest in the Property," plaintiff was unable to "raise her right to relief as to her quiet title claim above a speculative level"), *aff'd sub nom. by* 562 F. App'x 238 (5th Cir. 2014); *see, e.g., Mandiola v. Ashton Houston Residential, LLC*, No. CIV.A. H-12-2617, 2013 WL 820594, at *2 (S.D. Tex. Mar. 5, 2013) ("The Court notes initially that MERS, Merscorp, Wells Fargo, and Chase do not claim an interest in the property and, therefore, the claim to quiet title as against these four Defendants is dismissed."). As alleged in the petition, Plaintiff's allegations impermissibly rely on the purported weakness of Mortgage Company's title rather than on the strength of his own title. Accordingly, Plaintiff's quiet title and trespass to try title claims should be dismissed for failure to state a claim.[5]

**B.    Damages and Attorney's Fees**

Defendant moves to dismiss Plaintiff's request for damages on the ground that he has not pled any claims upon which relief may be granted, and to dismiss his request for attorney's fees because a *pro se* litigant is not entitled to attorney's fees. (doc. 6 at 9.)

Because Plaintiff's substantive claims against Defendant are subject to dismissal on the merits, he is not entitled to any damages, *see Ainsworth v. Wells Fargo Home Mortg., Inc.*, No.

---

[5]Plaintiff does not allege that he has lost possession of the Property to Defendant, but instead alleges that Mortgage Company is preventing him from selling the Property. (doc. 1-1 at 10.) His trespass to try title claim fails for this additional reason. *See Hurd*, 880 F. Supp.2d at 767 ("Since Plaintiff has failed to allege that she has lost possession of the property, her claim for trespass to try title fails and should be dismissed with prejudice.").

3:14-CV-1942-M, 2016 WL 1165919, at *9 (N.D. Tex. Feb. 24, 2016), *adopted by* 2016 WL

1161993 (N.D. Tex. Mar. 23, 2016), or attorney's fees, *see Avila v. Mortgage Elect. Registration*

*Sys., Inc.*, No. 4:12-CV-830, 2012 WL 6055298, at *7 (S.D. Tex. Dec. 5, 2012).  Moreover, as a *pro*

*se* party, Plaintiff is unable to recover attorney's fees.  *See Danial v. Daniels*, 162 F. App'x 288, 291

(5th Cir. 2006) ("Attorney's fees are not available to a non-attorney pro se litigant."); *see also*

*Vaksman v. C.I.R.*, 54 F. App'x 592 (5th Cir. 2002) ("As a *pro se* litigant, [the petitioner] is not

entitled to attorney['s] fees because, quite simply, he did not actually 'pay' or 'incur' attorney['s]

fees.").  Accordingly, Defendant's motion to dismiss should be granted, and Plaintiff's requests for

damages and attorney's fees should be dismissed.

## V.  NEW ALLEGATIONS

Plaintiff's response to Defendant's motion to dismiss asserts new claims for common law

fraud, and for violating the "tie-in" provisions of the Texas Deceptive Trade Practices Act (DTPA)

and the fraudulent lien statute, Tex. Civ. Prac. & Rem. Code § 12.002 *et seq*.  (doc. 10 at 4-7.)

These claims were not asserted in his petition.  (*See* doc. 1-1 at 8-13.)  Even if his new claims are

liberally construed as a motion for leave to amend to his petition and granted,[6] Plaintiff still fails to

---

[6]"Plaintiff's new allegations in [his] response are not part of the pleadings to be considered for purposes of the motion to dismiss." *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *see also Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)).  Plaintiff has not sought or been granted leave to amend his petition to add these allegations, and he has not shown that Defendant consented to an amendment. *See* Fed. R. Civ. P. 15(a)(2).  Nevertheless, the *pro se* response may be liberally construed as a request for leave to amend his petition. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged she had been willfully discriminated against, should be treated as a motion to amend her pleadings).

state a claim for relief. His new claims should be dismissed *sua sponte*.[7]

## A.     Common Law Fraud[8]

In Texas, the elements of common law fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal

---

[7]A court may *sua sponte* dismiss claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of its intention and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to a recommended dismissal provides the requisite notice and an opportunity to respond. *See Ratcliff v. Coker*, No. 9:08-cv-127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

[8]Although there is reference to statutory fraud in the response, Plaintiff only alleges a common law fraud claim.

quotations omitted).  A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim.  *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

Plaintiff's claim for common law fraud is based on Mortgage Company's purported failure to comply with the Bankruptcy Plan.  (*See* doc. 6 at 6.)  He alleges that "there was an agreement to come up with a new note within six months," which was a misrepresentation by Mortgage Company because it knew it was "going to collect on the PMI [Private Mortgage Insurance] rather than produce a new note."  (*Id.*)  He alleges that he relied on this misrepresentation when he agreed to the Bankruptcy Plan and made payments "based on the invalid note."  (*Id.*)

Plaintiff fails to allege "the who, what, when, where, and how" as required under Rule 9(b). *See Benchmark Electronics*, 343 F.3d at 724.  Further, his allegations cannot plausibly entitle him to relief against Defendant because they do not allege that the purported false representation (i.e., the agreement to produce a new note) was made by or at the direction of Defendant.  *See Grisham v. Deutsche Bank Trust Co. Americas*, No. 4:11-cv-3680, 2012 WL 2568178, at *4 (S.D. Tex. June 28, 2012) (dismissing fraud claim for failure to state a claim where the plaintiff alleged that the defendant "committed fraud by manufacturing documentation to support its alleged ownership of the Note" but he did "not contend that [the defendant] made this material representation to *him*") (emphasis added).  Plaintiff also fails to allege any facts supporting his claim that Defendant had knowledge or acted recklessly.  *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("[S]imple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b) . . . [because] the plaintiffs must set forth *specific facts* supporting an inference of fraud[,] . . . such as

15

identify[ing] circumstances that indicate conscious behavior on the part of the defendants.")
(citations omitted) (emphasis original).  Because he has failed to meet the heightened pleading
requirement of Rule 9(b), the new common law fraud claim should be dismissed.

**B.    DTPA**

The DTPA's purpose is to "protect consumers against false, misleading, and deceptive
business practices, unconscionable actions, and breaches of warranty . . . ." Tex. Bus. & Com. Code
Ann. § 17.44.  To maintain a cause of action under the DTPA, a plaintiff must establish that "(1) the
plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3)
these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater
Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995); *see also* Tex. Bus. & Com. Ann. Code § 17.50(a)(1).
The DTPA includes a "tie-in" provision that allows recovery for violations of other Texas statutes.
*Price v. U.S. Bank Nat. Ass'n*, No. 3:13-CV-175-O, 2014 WL 803722, at *7 (N.D. Tex. Feb. 28,
2014) (citing Tex. Bus. & Com. Code § 17.50(h)).  To succeed on a tie-in claim, however, "the
claimant must show that he is a 'consumer' as defined in the DTPA." *Garcia v. Jenkins/Babb LLP*,
No. 3:11-CV-3171-N-BH, 2013 WL 3789830, at *12 (N.D. Tex. July 22, 2013), *aff'd sub nom. by*
569 F. App'x 274 (5th Cir. 2014) (citations omitted); *see also Cushman v. GC Servs., L.P.*, 397 F.
App'x 24, 28 (5th Cir. 2010) (per curiam) (holding that the DTPA "tie in" provision "does not
exempt [ ] claimants from proving consumer status" under the DTPA) (citing cases).

The DTPA defines "consumer" in relevant part, as "an individual . . . who seeks or acquires
by purchase or lease, any goods or services." Tex. Bus. & Com. Code Ann. § 17.45(4).  To be a
consumer, "a person must have sought or acquired goods or services by purchase or lease" and those
goods or services "must form the basis of the complaint." *Hurd*, 880 F. Supp.2d at 765 (citing

*Cameron v. Terrell & Garrett*, 618 S.W.2d 535, 539 (Tex. 1981)).  Because the lending of money is not a good or service, a borrower whose sole objective is to obtain a loan is not a consumer under the DTPA. *Walker v. Fed. Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, (Tex. 1980)).  "A mortgagor qualifies as a consumer under the DTPA," however, "if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 724-25 (5th Cir. 2013) (citing to *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705 (Tex. 1983), and *Riverside Nat'l Bank*, 603 S.W.2d at 175).

Here, Plaintiff does not allege that he is a consumer, but argues that "a tie-in claim under 17.50(h) has no requirement that it be brought by a consumer." (doc. 10 at 6.)  This argument is not supported by Texas law, however.  *See Cushman*, 397 F. App'x 24, 27-28 (5th Cir. 2010) ("The Texas Supreme Court has consistently held that '[o]nly a 'consumer' can maintain a cause of action directly under the DTPA.'") (quoting *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 386 (Tex. 2000)); *see, e.g., Bray v. Cadle Co.*, No. CIV.A. 4:09-CV-663, 2010 WL 4053794, at *9 (S.D. Tex. Oct. 14, 2010) (explaining that all Texas state and federal courts addressing the issue "seem to have concluded that 'the party bringing a claim under the DTPA for a violation of a tie-in statute must still satisfy the requirement of being a 'consumer'" under the DTPA) (collecting cases).  Further, Plaintiff fails to identify the Texas statute purportedly violated by Defendant that allows for recovery via the DTPA's tie-in provision.  *See Roberts v. Zev Techs., Inc.*, No. 1:15-CV-309 RP, 2015 WL 7454688, at *7 (W.D. Tex. Nov. 23, 2015) (dismissing DTPA tie-in cause of action because the complaint did not identify the independent statute that authorized recovery under the DTPA tie-provision).

Even if Plaintiff has alleged that he was a consumer, his DTPA claim is premised on the "unconscionable acts" associated with the Bankruptcy Plan and attempted foreclosure of the Property (doc. 10 at 6), not on conduct related to financing the purchase of the Property, *see Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 279 (5th Cir. 2014) ("[Plaintiff] is not a consumer under this definition because the basis of her claim is the subsequent loan servicing and foreclosure activities, rather than the goods or services acquired in the original transaction"); *Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2012 WL 3756581, at *13 (S.D. Tex. Aug. 28, 2012) (holding the plaintiff was not a consumer under the DTPA where "her claim [was] based on acts occurring years after the financing transaction with [the defendant]" and finding "how [the plaintiff's] loan was administered–and the problems subsequently attending that administration–'is merely incidental to [her] prior objective to purchase a residence' ") (citing *Woods v. Bank of Am., N.A.*, Civ. A. No. 3:11-CV-1116-B, 2012 WL 1344343, at *7 (N.D. Tex. Apr. 17, 2012)).  Further, the Deed of Trust shows that Plaintiff did not obtain his mortgage from Defendant.  (*See* doc. 7 at 2-21.)  Accordingly, even assuming that his DTPA claim arises from the "purchase" of the Property (i.e., a "good"), his allegations still fail to raise a reasonable inference that he is a "consumer" vis-a-vis Defendant. *See Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp.2d 731, 746 (E.D. Tex. 2013) (finding no consumer status in part because the plaintiff "did not seek to purchase or lease any goods or services from [the] Defendants").  Because there are no allegations that Plaintiff is a consumer, he fails to state a claim for relief for violations of the DTPA.

**C.    Fraudulent Lien**

Chapter 12 of the Texas Civil Practices and Remedies Code provides, in relevant part:

A person may not make, present, or use a document or other record with:

18

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:

    (A) physical injury;

    (B) financial injury; or

    (C) mental anguish or emotional distress.

Tex. Civ. Prac. & Rem. Code § 12.002(a).

Plaintiff alleges that Mortgage Company is attempting to collect on a lien that is not valid. (doc. 10 at 6-7.) His fraudulent lien claim appears to be based on the Note and Deed of Trust that was allegedly invalidated upon the confirmation of the Bankruptcy Plan. He alleges no facts showing that Defendant had any involvement in the Property, Note, or Deed of Trust, however.[9] Further, Plaintiff fails to allege any facts showing that Defendant had knowledge that any documents were fraudulent, that it intended that they be given the same legal effect as a valid lien, or that it intended to injure him or cause him mental anguish or emotional distress. Accordingly, he fails to state a fraudulent lien claim, and it should be dismissed.

## VI.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v.*

---

[9]Defendant was a creditor in the Bankruptcy, but its claims in the Bankruptcy Plan were unrelated to the Property. (*See* Bankruptcy, doc. 246 at 15.)

*Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at \*1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at \*2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at \*2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at \*2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at \* 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at \*1. "When a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. United States*, 66 F.3d 95, 98 (5th Cir. 1995). Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended his petition since filing this action. He asserted new claims in his response that have been construed as an amendment and considered, however, but he still failed to state a claim upon which relief can be granted. Accordingly, he has alleged his best case, and no further opportunity to amend his claims is warranted.

## VII. RECOMMENDATION

Plaintiff's motions for remand and default judgment should be **DENIED**, Defendant's motion to dismiss should be **GRANTED**, and all of Plaintiff's claims should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 3rd day of September, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


# INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE