# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2020

Lyle W. Cayce
Clerk

No. 19-11175
Summary Calendar

William Paul Burch,

*Plaintiff—Appellant*,

*versus*

JPMorgan Chase Bank, N.A.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-645

Before Stewart, Graves, and Higginson, *Circuit Judges*.

Per Curiam:*

Proceeding pro se, William Paul Burch filed a civil action in state court against JPMorgan Chase Bank, N.A. (JPMorgan), seeking to quiet title on real property located at 2531 Gerry Way in Lancaster, Texas. JPMorgan removed the action, asserting that there was federal jurisdiction based on

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

diversity of citizenship and alleging that the amount-in-controversy requirement was satisfied because the appraised market value of the property was $105,290. The district court denied Burch's motion to remand, and it dismissed the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The district court denied Burch's motion to proceed in forma pauperis (IFP) on appeal and certified that the appeal was not taken in good faith. By moving for IFP status in this court, Burch is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Burch argues that his case does not satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332(a). He asserts that the amount in controversy is the amount of the mortgage lien that he sought to have released; this amount, he contends, was only $33,765. He arguess that, because there was no federal jurisdiction, the district court's judgment is void, and the matter should be remanded to state court.

The federal diversity statute provides, in pertinent part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." § 1332(a)(1). The federal removal statute allows defendants to remove an action to federal court if the federal district court would have original jurisdiction based on diversity of citizenship and no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "[A] defendant's

notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C. § 1446(c)(2)(B)] only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

We have recognized "the principle that when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). Here, because Burch did not contest JPMorgan's plausible allegation as to the amount in controversy based on the value of the property, and the district court did not question it, JPMorgan was not required to submit evidence to establish the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87, 89. Thus, Burch has not shown that his jurisdictional challenge involves a nonfrivolous issue.

Burch has not addressed the merits of his claims or otherwise challenged the propriety of the district court's Rule 12(b)(6) dismissal. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Thus, Burch has abandoned any challenge to the propriety of the district court's Rule 12(b)(6) dismissal. *See id.*

Given the foregoing, Burch has failed to show that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Accordingly, his IFP motions are DENIED, and his appeal is DISMISSED as frivolous. *See id.*; 5TH CIR. R. 42.2.